IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| GREGORY SCOTT GARRISON, PRO SE, | § | |
| also known as GREGORY S. GARRISON, | § | |
| also known as GREG SCOTT GARRISON, | § | |
| also known as GREG S. GARRISON, | § | |
| ADC No. 601544, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0010 |
| | § | |
| CHARLES (BUTCH) BLACKBURN, Sheriff; | § | |
| CHERYL PHILLIPS, Jail Administrator; | § | |
| CHAD SIMPSON, Trooper; | § | |
| JAMES O'MALLEY, Deputy; | § | |
| PAT LNU, Jailer; | § | |
| JOHN DOE #1, Male Jailer; and | § | |
| JOHN DOE #2, Trooper, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff GREGORY SCOTT GARRISON, acting pro se and while a prisoner confined in

the Faulkner County Detention Center in Conway, Arkansas, has filed suit pursuant to Title 42,

United States Code, section 1983 complaining against the above-referenced defendants and has

been granted permission to proceed in forma pauperis.

Plaintiff states he arrested on a fugitive warrant from Arkansas on September 12, 2010 by

defendant CHAD SIMPSON, a Texas Department of Public Safety trooper. Plaintiff was

transported to the Donley County Sheriff's Department where defendant SIMPSON removed all

personal property from the vehicle plaintiff had been driving and inventoried it.

Plaintiff says that, among the property was heart medication: Carvedilol, Lisinopril, Pravastatin, Plavix, and low-dose aspirin. Plaintiff alleges he was not given a copy of the inventory prepared by defendant SIMPSON.

Plaintiff alleges that, as he was booked into the jail on September 12th, he told defendant Deputy JAMES O'MALLEY that he suffered three heart attacks in September 2008 and had a stint placed in his heart at that time. He says he identified the medications he was taking and told defendant O'MALLEY they were in his small red suitcase inventoried by defendant SIMPSON.

Plaintiff alleges he began requesting his medications on September 13, 2010, and was told by the day shift jailer, defendant PAT (last name unknown) that she would check on it for him. She later told plaintiff his luggage was in the outside storage facility. Plaintiff continued requested his medication until September 15, 2010, when defendant PAT LNU stated his medications were not the county's responsibility and he would not be receiving them. Plaintiff states he then asked to speak to the Jail Administrator, defendant CHERYL PHILLIPS, and the Sheriff, defendant BLACKBURN, because he needed his medications but was refused.

Plaintiff alleges he suffered chest pain on September 16th and requested to be seen by a nurse or doctor. He says defendant PAT LNU asked him how much money he had when he was arrested. Plaintiff responded he had $80.00 and was told that if he didn't have at least $150.00, he couldn't see the doctor because the county would not pay for it. Plaintiff then asked for a paramedic and defendant PAT LNU told him to go lie down. Plaintiff says it took more than six hours for the pain to subside.

Plaintiff alleges that over the next week he was denied his medication by both defendant PAT LNU and defendant CHERYL PHILLIPS.

Plaintiff states he was extradited on September 24, 2010. He states he told defendant JOHN DOE #1 his personal property had been inventoried and put in the outside storage building and that his heart medications were in it. Defendant JOHN DOE #1 responded that he didn't know anything about plaintiff's property or his medications and refused to get them.

Plaintiff states defendant JOHN DOE #2 arrived and began acting in a supervisory capacity. Plaintiff says he explained his medications were in his property but defendant DOE #2 told him to shut up.

When plaintiff asked employees of the extradition service, they suggested he leave the address of a location where the property could be shipped, and plaintiff did so. Plaintiff says he was assured it would be shipped September 28th, but by October he had not received it. When he wrote the jail asking about his property, he was told it was not sent with him when he was extradite because the transport company did not allow that much baggage. He was instructed he would have to pay the shipping costs to have his property shipped or someone needed to come pick it up. He was told that the property would be disposed of unless arrangements for shipping were made.

Plaintiff claims the defendants are guilty of deliberate indifference and negligence and says he thinks Donley County has a de facto policy of not purchasing medications or allowing inmates access to medical care in emergency situations or regular situations.

Plaintiff requests an award of $15,000.00, "as well as other monetary relief," and the termination of defendants PHILLIPS, O'MALLEY, PAT LNU, and JOHN DOE #2.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v.*

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim

presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

"The State's exercise of its power to hold detainees and prisoners [ ] brings with it a

responsibility under the U.S. Constitution to tend to the essentials of their well-being." *Hare v.*

*City of Corinth,* 74 F.3d 633, 638-39 (5th Cir.1996) (citing *DeShaney v. Winnebago County*

*Dep't of Soc. Servs.,* 489 U .S. 189 (1989)). While the constitutional rights of a convicted

prisoner stem from the Eighth Amendment's prohibition of cruel and unusual punishment, the

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

4

analogous rights of a pretrial detainee stem from the due process guarantees of the Fourteenth

Amendment. *Hare,* 74 F.3d at 639.

"Negligent inaction by a jail officer does not violate the due process rights of a person

lawfully held in custody of the State." *Id.* at 645. Instead, a pretrial detainee must demonstrate

that "the official acted or failed to act with deliberate indifference to the detainee's needs." *Id.* at

648; *See also Farmer v. Brennan,* 511 U.S. 825 (1994). Deliberate indifference is shown where

the official "knew of and disregarded an excessive risk to the inmate's health or safety." *Gibbs v.*

*Grimmette*, 254 F.3d 545, 549 (5th Cir.2001).

Plaintiff's allegations against defendant Trooper SIMPSON are simply that, after

arresting plaintiff, he transported plaintiff to jail and inventoried the property in the vehicle

plaintiff had been driving, which was thought to be stolen. Further, plaintiff alleges he didn't

receive a copy of the inventory, though he doesn't say that was Trooper SIMPSON's fault.

None of the facts alleged show any act or omission by defendant SIMPSON which constituted

deliberate indifference to a serious medical need of plaintiff's. Plaintiff has failed to state a

claim against defendant Trooper CHAD SIMPSON on which relief can be granted.

Further, plaintiff's allegations against defendant JAMES O'MALLEY are simply that he

processed plaintiff into the jail and received the information about plaintiff's medical history and

current medications, as well as being told by plaintiff that his medications were in his luggage.

Nothing in these facts supports a claim of deliberate indifference or a claim of any other

constitutional violation. Plaintiff has failed to state a claim against defendant O'MALLEY on

which relief can be granted.

As to defendant Sheriff BLACKBURN, plaintiff does not allege he ever refused plaintiff his medications or even had personal knowledge that plaintiff needed medications and was not receiving them. Acts performed by subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (per curiam ). Plaintiff has alleged no fact demonstrating personal involvement by defendant Sheriff BLACKBURN and, therefore, has failed to state a claim against this defendant in his individual capacity.

Plaintiff has, however, alleged that he thinks Donley County has a de facto policy of not purchasing medications or allowing inmates access to medical care in emergency situations or regular situations. At this stage of the proceedings, plaintiff's allegations are sufficient to state a claim against defendant Sheriff BLACKBURN in his official capacity.

Plaintiff's allegations against defendants JOHN DOE #1 and JOHN DOE #2 are that they refused his requests to get his property when he was transported back to Arkansas. This allegation is not sufficient to support a claim of deliberate indifference to a serious medical need by either defendant and fails to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff GREGORY SCOTT GARRISON against defendants CHAD SIMPSON, JAMES O'MALLEY, JOHN DOE #1, JOHN DOE #2, and against defendant Sheriff CHARLES (BUTCH) BLACKBURN in BLACKBURN's individual capacity be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

An Order Directing Issuance of Process and Service has issued of even date herewith as to defendants CHERYL PHILLIPS, Jail Administrator, CHARLES (BUTCH) BLACKBURN, Sheriff, in his Official Capacity, and PAT LNU (last name unknown), Jailer.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of June, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or

transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).